The opinion of the court was delivered by
Eenner, J.
A license is claimed from defendant under Section 9 of the license act of 1890, for “ carrying on the business of * * * slaughter house.” The case was submitted on the following agreed statement of facts:
“Defendant kills one or two beeves a week, which are raised or pastured on his Bohemia plantation; said beeves are killed under a shed, and afterward sold in his plantation store, for which he pays a license as retail merchant and liquor dealer on the public road. Most of these beeves are purchased originally in New Orleans.”
From a judgment enforcing the license claimed the defendant appeals.
We think defendant pursues the “ business of a slaughter house.” The statement of facts shows that he slaughters animals regularly and continuously, and that he slaughters them for sale. Worcester defines slaughter house “ a house where beasts are slaughtered for market,” therefore the business of a slaughter house is the slaughtering of beasts for market or sale. This, we think, is the natural and common acceptation of the words and conveys the legislative meaning. A reference to the act establishing the slaughter house company, No. 118, of 1869, shows that the Legislature considered the “slaughter house business” to mean the slaughtering of animals “ the meat whereof is destined for sale.” The facts that the business *839 is conducted in a shed instead of a house, that the animals slaughtered belong to the party, and that the meat is sold in a public store carried on by him, do not seem to affect the case.
The Section 9 of the license act of 1890 embraced in the same paragraph various other businesses besides that of ‘ ‘ slaughter house, ’, such as the business of “cotton ginnery,” and of “refining sugar and molasses,” but it took pains especially to exempt “ planters and farmers grinding and refining their own sugar and molasses, or ginning their own cotton or that of their tenants.” It extended no such exemptions to persons who conduct the business of a slaughter house, thus making no distinction in favor of those who slaughter their own animals for sale. We can make no distinction where the law makes none.
Judgment affirmed.
Rehearing refused.